IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STEVEN ROGERS,
    Plaintiff,

vs.                                            Case No.:  5:12cv151/MP/CJK

APALACHEE CORRECTIONAL
INSTITUTION, et al.,
    Defendants.

---

## REPORT AND RECOMMENDATION

      This cause is before the court upon referral from the clerk.  Plaintiff commenced this action by filing a civil rights complaint on May 17, 2012 under U.S.C. § 1983 (Doc. 1).   On May 29, 2012, this court entered an order directing plaintiff to file an amended civil rights complaint, within thirty days.  (Doc. 3).  The mail was returned as "Per Security, inmate is in SHOS status.  Unable to sign for legal mail.  Refused." (Doc. 4).  The clerk was directed to re-mail a copy of the order to plaintiff at the South Florida Reception Center, whose correct address was confirmed on the DOC website.

      After receiving no amended complaint or response from plaintiff, on August 15, 2012, an order was issued requiring plaintiff to show cause, within fourteen days, why this case should not be dismissed.  (Doc. 5).  To date, plaintiff has failed to comply or explain his inability to do so.

Accordingly, it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to prosecute and failure to comply with orders of the court.

2. That the clerk be directed to close the file.

DONE AND ORDERED this 24th day of September, 2012.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).